IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BENNY DANESHJOU, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:18-CV-688-RP |
| JPMORGAN CHASE BANK, N.A., | § § § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant J.P. Morgan Chase Bank, N.A.'s ("Chase") Motion to Dismiss Plaintiff's First Amended Original Complaint. (Dkt. 8). Plaintiff Benny Daneshjou ("Daneshjou") responded, and Chase replied. (Dkts. 10, 12). The Court ordered Chase to file supplemental briefing, (Dkt 18), which it did, (Dkt. 24), and permitted Daneshjou to respond, which he did, (Dkt. 26). Having considered the parties' submissions, the record, and the applicable law, the Court will grant the motion.

## I. BACKGROUND

Daneshjou filed this action against Chase because the bank sought to foreclose on his home. (Am. Compl., Dkt. 7, at 4). Daneshjou alleges that the foreclosure was improper because the deed of trust for his home does not secure the note produced by Chase. (*Id.* at 7). Daneshjou asserts claims against Chase for declaratory judgment, quiet title, and anticipatory breach of contract. (*Id.* at 4–9). Chase now seeks to dismiss each of the claims against it under Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss, Dkt. 8).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts

1

'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338.

### III. DISCUSSION

Daneshjou and his wife refinanced their home on April 25, 2003, through a loan from Washington Mutual. (Am. Compl., Dkt. 7, at 2). The note was signed only by Daneshjou's wife Sally.

(*Id.* at 4). The couple allegedly made their mortgage payments and paid their taxes, first to Washington Mutual and later to Chase, from 2003 until 2017. (*Id.* at 2–3). In 2017, Daneshjou obtained a property tax deferral based on his age, but Chase paid the deferred taxes and then sought payment from Daneshjou. (*Id.* at 3). Daneshjou alleges that his payments were not credited to his obligations under the note, and later that year Chase threatened to accelerate his loan. (*Id.*). In July 2018, Chase sent Daneshjou a letter informing him that his loan had been accelerated, along with a notice of the foreclosure sale of his home. (*Id.* at 4). That sale did not occur. (Mot. Dismiss, Dkt. 8, at 12).

Daneshjou alleges that his note was secured by a deed of trust, (Am. Compl., Dkt. 7, at 5), but not the deed of trust presented by Chase to support its right to foreclose on his home, (*id.* at 4, 5, 7, 8). The central premise of Daneshjou's argument is that Chase's deed of trust secures a note signed by both Daneshjou *and* his wife and that no such note exists; Daneshjou calls this nonexistent note "Note_B." (*Id.* at 4). The only note produced by Chase is signed solely by Sally Daneshjou; that note—"Note_A"—is allegedly not secured by Chase's deed of trust. (*Id.*).[1] Accordingly, Daneshjou seeks a declaration that Chase cannot force a sale based on its deed of trust, a judgment voiding the August 2018 notice of sale and Chase's deed of trust, and damages for Chase's anticipated breach of the deed-of-trust provisions connecting the instrument to a note signed by both Daneshjou and his wife. (*Id.* at 4–9).

Chase attaches both the 2003 note signed by Sally Daneshjou and the deed of trust to its motion to dismiss. (Dkt. 8-2, at 1–31). Because these documents are referred to at length in Daneshjou's amended complaint and are central to his claims, they are properly considered at this

---

[1] Daneshjou admits that "the Daneshjous" refinanced their house on 2300 Portofino Ridge Drive in Austin, Texas, through a Washington Mutual loan on April 25, 2003. (Am. Compl., Dkt. 7, at 2). Chase attached to its motion to dismiss, via supplemental briefing, a note dated April 25, 2003, for a property located at 2300 Portofino Ridge Drive in Austin, Texas. (Note, Dkt. 8-2, at 5). That note lists Washington Mutual Bank, FA as the lender. (*Id.*). It is signed by one person: Sally Daneshjou. (*Id.* at 11).

3

stage. *Causey*, 394 F.3d at 288. Because the deed of trust is publicly recorded, the Court may take judicial notice of it. *See, e.g.*, *Garcia v. Wells Fargo Bank, N.A.*, SA-17-CV-747-XR, 2017 WL 4448243, at *2 (W.D. Tex. Oct. 5, 2017) (taking judicial notice of a recorded deed of trust) (citing *Norris v. Hearst Tr.*, 500 F.3d 454, 461 (5th Cir. 2007)). The Court will examine, claim-by-claim, whether Daneshjou has stated a plausible claim for relief.

### A. Quiet Title

A quiet-title claim seeks an equitable remedy and "relies on the invalidity of the defendant's claim to the property." *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied). To succeed on a quiet-title claim, a plaintiff must show "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Id.* The plaintiff bears the burden to prove superior equity and "that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove." *Ferrara v. Nutt*, 555 S.W.3d 227, 239–40 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (quoting *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)). The effect of a successful quiet-title claim is to "declare invalid or ineffective the defendant's claim to the title." *Essex Crane*, 371 S.W.3d at 388.

Daneshjou alleges that he and his wife own the property and that their title is clouded by Chase's security interest. (Am. Compl., Dkt. 7, at 6–7). These allegations cover the first two elements of his quiet-title claim. As for the third, Daneshjou does not allege that Chase is not the beneficiary of the deed of trust, and he does not contest the authenticity of the deed of trust.[2] Indeed, in alleging

---

[2] In its response, Daneshjou argues that the deed of trust is inadmissible but not that it is inauthentic. (Resp. Mot. Dismiss, Dkt. 10, at 2–3). When a document's authenticity is not in dispute, it may be considered at the motion-to-dismiss stage if it is referred to in the plaintiff's complaint and central to the plaintiff's claims. *Santander Consumer USA, Inc. v. Homer Skelton Enterprises, Inc.*, 3:17-CV-0568-G, 2017 WL 2558804, at *2 (N.D. Tex. June 13, 2017); *see also Garcia*, 2017 WL 4448243, at *2 (considering a recorded deed of trust where, as here, it was susceptible to judicial notice for purposes of resolving a motion to dismiss). Daneshjou only challenges Chase's interest in the note because the note is not indorsed by the Federal Deposit Insurance Corporation to Chase. (Resp. Mot. Dismiss, Dkt. 10, at 3–4, 5). But

4

that Chase "repudiated its obligations under the [deed of trust]," Daneshjou tacitly admits that Chase is a party to the deed of trust. (*Id.* at 9). Daneshjou also admits that he granted a security interest in his home. (*Id.* at 5). His only basis for alleging that Chase's claim to the Daneshjous' home is invalid is that the deed of trust secures payment of a note—"Note_B"—that does not exist. (*Id.* at 7).[3]

Taken literally, Daneshjou's claim that he granted a security interest in his home to Washington Mutual in exchange for a nonexistent note—that is, in exchange for nothing—is exceedingly implausible. *See Iqbal*, 556 U.S. 679 ("Determining whether a complaint states a plausible claims for relief . . . requires the reviewing court to draw on its judicial experience and common sense."). It would defy common sense to believe that Daneshjou gave Washington Mutual the right to foreclose on his home in exchange for nothing, and that the deed of trust's repeated references to a loan refer to nothing. These allegations cannot support his claim for relief.

At best, Daneshjou's claim is that Chase has not *produced* the note secured by the deed of trust, because it has produced only a note signed by one of the Daneshjous and not both. Such a claim could potentially be plausible, because although a mortgage servicer need not produce the original, wet-ink-signature note associated with a deed of trust, nor be a holder of that note, it must at least establish the note's existence by way of a photocopy along with an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013). But in its supplemental briefing, Chase has done so. (Dkt. 20-1).[4] The question, then, is whether Chase's produced note, supported by an

---

Chase's interest in the note is irrelevant to Chase's security interest under the deed of trust; Chase need not hold the note to foreclose under the deed of trust. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013).

[3] In his response, Daneshjou also states that Chase's claim to the property is unenforceable because Chase is not the holder of the note on Daneshjou's home. (Resp. Mot. Dismiss, Dkt. 10, at 9). Again, that position fails to state a claim because an entity need not hold the note to foreclose on a property if it is entitled to do so under a deed of trust. *Martins*, 722 F.3d at 255.

[4] Daneshjou objects that the note attached to the Chase representative's affidavit is not a copy of the original because the photocopy displays only one concentric-circles symbol in the top-right corner of the first page, while the previously filed copy of the note (which features a blue-ink signature but was not accompanied by an affidavit) displays a second

5

affidavit swearing that the note is a true and correct copy of the original, establishes the existence of the note associated with Chase's deed of trust. *Martins*, 722 F.3d at 254.

The note produced by Chase has features alleged in Daneshjou's amended complaint: it documents a loan from Washington Mutual to Sally Daneshjou dated April 25, 2003, to refinance a property located at 2300 Portofino Ridge in Austin, Texas. (Am. Compl., Dkt. 7, at 2; Note, Dkt. 20-1, at 5). The note produced by Chase also matches the deed of trust in significant ways: both documents refer to a Washington Mutual loan identified by a unique number ending in 4569; in the amount of $2,439,000.00; dated April 25, 2003; for a property located at 2300 Portofino Ridge in Austin, Texas. (Note, Dkt. 20-1, at 5; Deed of Trust, Dkt. 8-2, at 9–10). Both instruments indicate that the debt will be paid by May 1, 2033. (Note, Dkt. 20-1, at 5; Deed of Trust, Dkt. 8-2, at 9). The only difference between the two is that the deed of trust defines the associated note as signed by both Sally and Benny Daneshjou, while the note is signed only by Sally. (Note, Dkt. 20-1, at 11; Deed of Trust, Dkt. 8-2, at 9).

There is no evidence—and Daneshjou does not allege—that he and his wife both executed a separate note, with the same identifying loan number, for the same amount, and on the same day that they executed Chase's deed of trust, and that the deed of trust in fact refers to that note. Instead, the record contains only one note and one deed of trust, which refer to the same loan but have a single discrepancy. In such cases, where separate instruments are "executed at the same time, for the same purpose, and in the course of the same transaction," they are "to be considered as one instrument and construed together." *Washington-Jarmon v. Onewest Bank, FSB*, 513 S.W.3d 103, 108–09 (Tex. App.—Houston [14th Dist.] 2016, no pet.). When such documents are a deed of trust and

---

such symbol at the top of the first page. (Note, Dkt. 20-1, at 5; Note, Dkt. 8-1, at 2). The affidavit-supported note also does not show a highlighter mark across Sally Daneshjou's signature, unlike the first-filed note. (Note, Dkt. 20-1, at 11; Note, Dkt. 8-1, at 6). This discrepancy is not enough to cast doubt on the veracity of the Chase representative's sworn statement given that the two documents are otherwise identical, (Note, Dkt. 20-1, at 5–11; Note, Dkt. 8-1, at 2–6), and are consistent with Daneshjou's allegations. (*See* Am. Compl., Dkt. 7, at 2 (alleging that Sally Daneshjou executed a note on April 23, 2005, for the purchase of real property located at 2300 Portofino Ridge Drive in Austin, Texas)). Daneshjou's objection is overruled.

6

an associated note, if the two documents contain "conflicting terms . . . the terms of the note control." *Id.* at 109 (citing *Pentico v. Mad–Wayler, Inc.*, 964 S.W.2d 708, 715 (Tex. App.–Corpus Christi 1998, pet. denied)). Here, in the absence of any evidence or plausible allegations to the contrary, the discrepancy between the deed of trust and the note is not evidence that there is no note associated with the deed of trust—that it secures nothing—but rather that the associated note in evidence contains a term that controls the deed of trust's conflicting term. The Court therefore finds that Chase's produced note, supported by an affidavit swearing that the note is a true and correct copy of the original, establishes the existence of the note. *Martins*, 722 F.3d at 254. Daneshjou has not stated a plausible claim for relief on its quiet-title claim. This claim must be dismissed.

### B. Anticipated Breach of Contract

Daneshjou asserts a claim for anticipatory breach of contract against Chase. (Am. Compl., Dkt. 7, at 8). "To prevail on a claim for anticipatory breach of contract, a plaintiff must establish each of the following elements: (1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party." *Good Shepherd Hosp., Inc. v. Select Specialty Hosp. - Longview, Inc.*, 563 S.W.3d 923, 929 (Tex. App.—Texarkana 2018, no pet.) (cleaned up). Daneshjou's theory of anticipatory breach is that that he executed a deed of trust that only authorizes the power of sale for default of a nonexistent note—"Note B"—and that Chase repudiated its obligations under the deed of trust by noticing its intent to foreclose based on the default of a note signed only by Sally Daneshjou—"Note A." (Am. Compl., Dkt. 7, at 8). As discussed above, it is implausible that Daneshjou executed the deed of trust in exchange for nothing, and that the deed of trust refers to nothing, rather than to the note executed on the same day, referring to the same Washington Mutual loan number, for the same amount, regarding the same property. The single discrepancy between the deed of trust and the note—that the latter was signed only by Sally Daneshjou—is resolved according to the terms of the note when the two documents

7

are construed together. *Washington-Jarmon*, 513 S.W.3d at 108–09. Accordingly, Daneshjou has not plausibly alleged that Chase has repudiated the deed of trust because Chase has not announced its intention to foreclose on the basis of a nonexistent note. This claim must also be dismissed.

### C. Declaratory Judgment

Finally, Daneshjou seeks relief under the Federal Declaratory Judgment Act ("FDJA"). (Am. Compl., Dkt. 7, at 4). That statute "only authorizes a federal court to 'declare the rights and other legal relations of any interested party seeking such declaration.'" *Harris County Texas v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015) (quoting 28 U.S.C. § 2201(a)). The Act "does not create a federal cause of action" by itself; it only "enlarge[s] the range of remedies available in the federal courts," but does not create a new right to seek those remedies. *Id.* (quoting *Skelly Oil Co. v. Phillips Petrol. Co.*, 339 U.S. 667, 671 (1950)). Daneshjou's declaratory judgment claim relates to his substantive causes of action: he seeks a declaration that the deed of trust does not secure payment of the note signed by Sally Daneshjou, that Chase cannot invoke a power of sale pursuant to its deed of trust based on non-payment under that note, and other similar claims related to Chase's preforeclosure notice. (Am. Compl., Dkt. 7, at 6). When a plaintiff fails to state any other plausible claim for relief, a related declaratory judgment claim "should also be dismissed" because "a declaratory judgment is 'remedial in nature.'" *Guajardo v. JP Morgan Chase Bank, N.A.,* 605 F. App'x 240, 250 (5th Cir. 2015) (quoting *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 243 (5th Cir. 2014)). Daneshjou's FDJA claim, standing alone, does not create an independent private right of action and must be dismissed. *Harris County*, 791 F.3d at 552.

### IV. LEAVE TO AMEND

Although Federal Rule of Civil Procedure 15(a)(2) permits a court to grant leave to amend pleadings and "evinces a bias in favor of granting leave to amend, it is not automatic." *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996) (internal quotation marks and citation omitted).

8

Among other things, "a party must 'expressly request' leave to amend." *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 796 (5th Cir. 2014) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). Even though "[a] formal motion is not always required," the requesting party must still "set forth with particularity the grounds for the amendment and the relief sought." *Willard*, 336 F.3d at 387. When a plaintiff fails to request leave to amend or indicate what might be added to the complaint if amendment were allowed, a district court may dismiss the cause of action with prejudice. *See Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 (5th Cir. 2012). Here, Daneshjou requests leave to amend in single conclusory sentence that states no grounds on which leave might be granted and offers no indication of what might be added to a second amended complaint to cure the deficiencies in the first. This alone is grounds to deny leave to amend.

Additionally, a district court may deny leave to amend for "substantial reasons," including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). Multiple factors are present here. First, amendment would be futile, as there is no indication that Daneshjou's theory of relief—that Chase's deed of trust secures a nonexistent note—would state a plausible claim for relief if restated in an amended pleading. Second, his allegations are so implausible as to suggest that his lawsuit is motivated not by a good-faith belief that he is entitled to relief, but rather by a dilatory motive to delay the foreclosure of his

9

home. The Court will not permit amendment under such circumstances, especially where Daneshjou has failed to offer any indication of what a second amended complaint might include.

## V. MOTION FOR LEAVE TO AMEND & MOTIONS TO QUASH

Also currently pending is Chase's motion for leave to amend its answer, (Dkt. 19), in which it seeks to add an equitable subrogation counterclaim "in the . . . event [its] motion to dismiss is denied." (*Id.* at 4). Because the Court grants Chase's motion to dismiss, its motion for leave to amend its answer is moot. Also before the Court are two motions to quash subpoenas filed by Daneshjou. (Dkts. 22, 24). Because there are no longer and live claims in this action, these motions are also moot.

## VI. CONCLUSION

For these reasons, the Court **GRANTS** Chase's motion to dismiss. (Dkt. 8). Daneshjou's claims against Chase are **DISMISSED WITH PREJUDICE**. Chase's motion for leave to amend, (Dkt. 19), and Daneshjou's motions to quash, (Dkts. 22, 24), are **DENIED AS MOOT**.

**SIGNED** on May 2, 2019.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE